**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 06-171-S**

**ALLISON MARIE DUNBAR GUILLORY,**
**Administratrix of the Estate**
**of Patrick Guillory, and**
**as Parent and Next Friend of**
**WINTER LAPATRIA GUILLORY and**
**ARIEL JU'NEA KEON GUILLORY,**
**Plaintiff,**

**VS.**

**REASON GUKUTU and**
**CHRISTIAN PERSONNEL, INC.**
**d/b/a CHRISTIAN CONSTRUCTION, INC.,**
**Defendants.**

**DEFENDANTS' ANSWER TO PLAINTIFF'S**
**SECOND AMENDED COMPLAINT**

Now come the defendants, Reason Gukutu and Christian Personnel, Inc. d/b/a Christian Construction, Inc., in the above-entitled action, by and through their undersigned counsel, and respond to the allegation contained in Plaintiff's First Amended Complaint.

1. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore deny same.

2. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore deny same.

3. The defendants deny the allegations contained in Paragraph 3.

4. The defendants admit that Christian Personnel, Inc. is a corporation organized and existing under the laws of the State of Alabama. The defendants deny the remainder of the allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 are statements of law to which no answer is required of these defendants. To the extent that an answer is required, the defendants deny same.

**COUNT I**

1. The defendants reallege and reaffirm the responses to the allegations contained in Paragraphs 1 through 5, inclusive, as though fully set forth herein.

2. The defendants admit the allegation contained in Paragraph 2.

3. The allegations contained in Paragraph 3 are statements of law to which no answer is required of these defendants. To the extent that an answer is required, the

defendants deny same.

4. The defendants deny the allegation contained in Paragraph 4.

5. The defendants deny the allegation contained in Paragraph 5.

6. The defendants deny the allegations contained in Paragraph 6.

**WHEREFORE**, the defendants pray this Honorable Court dismiss Count I of Plaintiff's Second Amended Complaint together with costs and reasonable attorney's fees.

**COUNT II**

1. The defendants reallege and reaffirm the responses to the allegations contained in Paragraphs 1 through 6 of Count I, as though fully set forth herein.

2. The defendants deny the allegations contained in Paragraph 2.

**WHEREFORE**, the defendants pray this Honorable Court dismiss Count II of Plaintiff's Second Amended Complaint together with costs and reasonable attorney's fees.

**COUNT III**

1. The defendants reallege and reaffirm their responses to the allegations contained in Count I and Count II as though fully set forth herein.

2. The defendants deny the allegations contained in Paragraph 2.

**WHEREFORE**, the defendants pray this Honorable Court dismiss Count III of Plaintiff's Second Amended Complaint together with costs and reasonable attorney's fees.

**AFFIRMATIVE DEFENSES**

Now come the defendants and incorporate the following affirmative defense into each and every Count contained in their Answers to Plaintiff's Complaint as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that if the plaintiff's decedent was injured as alleged, which is specifically denied, those injuries were the sole and proximate cause of actions of third parties for whom the defendants are not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that if the plaintiff's decedent was injured as alleged, which is specifically denied, those injuries were the result of an Act of God for which the defendants are not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that if the plaintiff's decedent was injured as alleged, which is specifically

denied, it was due in whole or in part to the plaintiff's decedent's own negligence and failure to exercise his duty of care, skill, and knowledge in the performance of his work reasonably to be required of a harborworker of the plaintiff's decedent's experience and not due to any negligence or fault on the part of the defendants or any persons for whom the defendants may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that at the time of this alleged accident, the plaintiff's decedent was an employee of Senesco and that the plaintiffs' decedent's employment was by and/or for Senesco and that both defendant, Reason Gukutu and defendant, Christian Personnel, Inc. d/b/a Christian Construction, Inc., were borrowed servants under the direction and control of Senesco; that the following occurrence of the accident and prior to the commencement of this action, plaintiff's decedent accepted from Senesco's insurer on account for their injuries and any injuries that plaintiff's decedent sustained in the accident, compensation benefits under the provisions of the U.S. Longshoremans' and Harbor Workers' Act, U.S. Code

T. 33, S. 901, et seq; that S. 905 of the said Act provides that payment by the employer constitutes the entire and exclusive liability of the employer and their borrowed servants to his employee and to anyone else otherwise entitled to recover damages either at law or in admiralty, from the employer. By reason of which foregoing defendants says that plaintiffs are not, as a matter of law, entitled to recover judgment in any amount against the defendants or to any interest or costs therein.

**WHEREFORE**, the defendants pray this Honorable Court to dismiss Plaintiff's Second Complaint together with costs and reasonable attorneys' fees.

Respectfully submitted,
By its attorney,

**CLINTON & MUZYKA, P.C.**

**Robert E. Collins**
**BBO NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165
(617) 720-3489 Fax

***CERTIFICATE OF SERVICE***

I certify that the foregoing was served by placing a copy of same in the United States mail, first class postage prepaid this 16th day of May, 2006, addressed to the following:

Vincent T. Cannon, Esquire
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903

Robert E. Collins