**EXHIBIT 2**

Employee Leasing Agreement

This agreement is effective February 6, 2004, by and between Southeastern New England Ship Company (S.E.N.E.S.C.O.), hereinafter called a Client Company and Christian Construction, Incorporated, hereinafter called "CCI",

WHEREAS, Client Company, a shipyard, has contracted with CCI for qualified leased employees on various projects; and

WHEREAS, CCI wishes to provide labor on such projects;

FOR CONSIDERATION HEREINAFTER THE NAMED PARTIES AGREE AS FOLLOWS:

ARTICLE 1. CONTRACT DOCUMENTS: This contract constitutes the entire Agreement among the parties with respect to subject matter described herein. No deviation from the terms specified in this Agreement will be permitted without prior written permission from both Client Company and CCI.

ARTICLE 2. INDEMNITY AND INSURANCE:

(a) CCI agrees to obtain and pay for Workers Compensation Insurance providing statutory benefits. CCI agrees to furnish Client Company with Certificates of Insurance indicating compliance with the above requirements and each Certificate shall contain a provision that the same will not be canceled without thirty (30) days prior written notice to Client Company. Proof of insurance coverage and CCI=s Federal Tax ID number will be submitted upon request within 10 days of request.

(b) Client Company agrees to protect, indemnify and hold CCI harmless against any liability, expense (including court cost and attorney fees) and claims of any nature whatsoever, which CCI becomes legally obligated to pay as a result of the acts, errors or omissions of Client Company related directly or indirectly to this Employee Leasing Agreement, including but not limited to: Client Company's negligence, gross negligence or intentional acts or omissions; any liability alleged against CCI arising from the relationship between or among CCI, Client Company, or CCI's employees; and any action, assessment, penalty, claim, demand proceeding or suit incident to any of the foregoing. Client Company assumes entire responsibility and unconditionally indemnifies CCI for any claim regardless of whether such claims are founded in whole or in part upon the alleged negligence of CCI, CCI's representatives or the employees, agents, invitees or licensees of CCI.

ARTICLE 3. TAXES: CCI agrees to pay any and all federal, state or local taxes which are, or may be, assessed upon labor which is furnished under this Employee Leasing Agreement.

ARTICLE 4. CONTRACT PRICE: Client Company agrees to pay CCI in weekly payments a sum equal to the time spent by the temporary employees of CCI that are provided to Client Company multiplied by a flat rate of $28.00 per hour for day shift work and $29.22 per hour for night shift work regardless of any overtime worked by said employees. Such weekly payments are due on or before 12:00 noon on the Friday immediately following the week in which the time was incurred and may be conditioned on CCI=s execution of any release of any mechanics lien, stop notice or bond rights that CCI may have for the completed work for which payment is made. In consideration for CCI granting Client Company this discounted rate, Client Company agrees to pay on or before February 9, 2004, all outstanding invoices due to CCI and does hereby designate CCI as its exclusive contract labor supplier. Notwithstanding, Client Company shall have the right to contract with another party for the provision of temporary labor that CCI cannot supply within 14 days from receipt of a written request for additional labor.

PLAINTIFF'S EXHIBIT 4
2507 GMd

ARTICLE 5. CONTRACT BINDING: This Employee Leasing Agreement shall be binding on the parties, their successors, heirs and assigns.

ARTICLE 6. RESPONSIBILITIES: The Client Company shall give notices and comply with applicable laws, ordinances, rules, regulations and lawful orders of public authorities bearing on safety of persons or property or their protection from damage, injury, or loss. The Client Company shall provide, erect, and maintain, as required by conditions, performance of the contract, or law or regulation, safeguards for safety and protection. Client Company==s responsibility includes, but is not limited to, liability for OSHA regulations, citations, and fines.

ARTICLE 7. CONTROL OF EMPLOYEES: CCI

(a) Assumes responsibility for the payment of wages of employees without regard to payments by the Client Company to CCI.
(b) Assumes responsibility for the payment of payroll taxes and collection of taxes from payroll on employees;
(c) Retains the right to hire, fire, discipline, and reassign employees, and;
(d) Retains the right of direction and control over the management of Worker=s Compensation claims, claim filings and related procedures.

ARTICLE 8. REASONABLE COSTS AND ATTORNEYS' FEES: If either party hereto shall bring suit to enforce the terms and provisions hereof or to recover damages for breach, the prevailing party shall be entitled to recover from the other party all reasonable costs and attorney's fees incurred in connection with the exercise by the prevailing party of its rights and remedies hereunder. The amount of the attorney's fees is to be determined by the Court without a jury. For the purpose of this, the term prevailing party shall mean, in the case of the claimant, one who is successful in obtaining substantially all of the relief sought, and in the case of the defendant or respondent, one who is successful in denying substantially all of the relief sought by the claimant.

ARTICLE 9. TERMINATION OF AGREEMENT: Despite any language to the contrary in this agreement, either party may terminate the agreement by giving the other party notice of its intention to terminate thirty days prior to the intended date of termination. Notice of termination shall be in writing and shall be sent by any of the following methods; certified mail, return receipt requested, facsimile or email.

In the case of the Client Company, notice shall be sent to:

Will Durfee
Senesco Marine
10 MacNaught Street
North Kingstown, RI 02852

In the case of CCI, notice shall be sent to:

Donald Jerome Christian
Christian Construction, Incorporated
858 Butler Drive, Suite B
Mobile, AL 36693

In the event of termination, the agreement shall remain in full force and effect until all obligations

imposed upon either party shall have been fulfilled by such party.

ARTICLE 10. RHODE ISLAND GOVERNING LAW: Rhode Island law shall govern the interpretation of this Agreement.

IN WITNESS HEREOF THE PARTIES HAVE EXECUTED THIS EMPLOYEE LEASING AGREEMENT THE DAY AND YEAR WRITTEN ABOVE.

Southeastern New England Ship Company
(S.E.N.E.S.C.O.)

By [signature]

Title CEO

Christian Construction, Incorporated

By______________________________

Title______________________________



Senesco will maintain current leased employees from other agencies. This agreement is in effect for future employees only.

W.D. 2-11-04

GIS 2-12-04